**FILED**

**10/21/2021**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

|  |  |  |
|---|---|---|
| Billie Jerome Allen, | : | CIVIL ACTION |
|  | : | (Capital Habeas Corpus) |
| v. | : |  |
| T.J. WATSON, Warden, USP Terre Haute, UNITED STATES OF AMERICA | : |  |
| Respondents. | : |  |

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2241

Alex Kursman
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
Alex_kursman@fd.org

*Counsel for Petitioner*

Dated: October 20, 2021

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

INTRODUCTION ............................................................................................1

RELEVANT PROCEDURAL BACKGROUND ................................................3

ARGUMENT ...................................................................................................6

I.      SECTION 2113(A) & (E) CANNOT SERVE AS A PREDICATE
OFFENSE FOR A § 924(C) & (J) CONVICTION BECAUSE A *MENS
REA* OF RECKLESSNESS SATISFIES THE STATUTE............................6

      A.   Under *Borden*, the Predicate Offense Must Require a Mens Rea of
More Than Recklessness to Qualify as a Crime of Violence..................6

      B.   Federal Bank Robbery under § 2113(a) and (e) Does Not Qualify
under the Force Clause of § 924(c)(3)(A). ...............................................8

           1.   Section 2113(a) Cannot Serve as a Predicate § 924(c) and (j)
Conviction under *Borden.* ...............................................................9

           2.   Section 2113(e) Cannot Serve as a Predicate § 924(c) and (j)
Conviction under *Borden.* .............................................................10

III.   SECTION 2255 IS INADEQUATE AND INEFFECTIVE TO TEST
THE LEGALITY OF THE § 924(C) & (J) CONVICTION.........................12

PRAYER FOR RELIEF ................................................................................16

# TABLE OF AUTHORITIES

**Federal Cases**

*Allen v. United States*, 536 U.S. 953 (2002) ............................................................. 3

*Allen v. United States*, 829 F.3d 965 (8th Cir. 2016) ................................................. 4

*Allen v. United States*, 836 F.3d 894 (8th Cir. 2016) ............................ 4, 10, 12, 15

*Allen v. United States,* No. 4:07-CV-00027, 2014 WL 2882495 (E.D. Mo. June 25, 2014) .......................................................................................................................... 4

*Borden v. United States*, 141 S. Ct. 1817 (2021) .............................................. *passim*

*Bousley v. United States*, 523 U.S. 614 (1998) ........................................................ 15

*Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) ..................................... 12, 13-14

*Descamps v. United States*, 133 S. Ct. 2276 (2013) ................................................. 8

*Higgs v. Watson*, 984 F.3d 1235 (7th Cir. 2021) ...................................................... 5

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) .................................................. *passim*

*Johnson v. United States*, 576 U.S. 591 (2015) ........................................................ 4

*Mathis v. United States*, 136 S. Ct. 2243 (2016) ..................................................... 8

*Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016) ................................................... 14

*Rosemond v. United States*, 572 U.S. 65 (2014) .................................................... 14

*Ring v. Arizona*, 536 U.S. 584 (2002) ...................................................................... 3

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001) ......................................... 3, 11

*United States v. Allen*, 357 F.3d 745 (8th Cir. 2004) .............................................. 3

*United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) .............................................. 3

*United States v. Davis*, 139 S. Ct. 2319 (2019) ...................................................... 2

*United States v. Jackson*, 736 F.3d 953 (10th Cir. 2013) ..................................... 11

*United States v. Mejia-Quintanilla,* No. 17-15899, 2021 WL 4282628 (9th Cir. Sept. 21, 2021) ........................................................................................................... 7

*United States v. Olvera-Martinez,* No. 18-40338, 2021 WL 4166369 (5th Cir. Aug. 27, 2021) ...................................................................................................................... 7

*United States v. O'Reilly,* No. 05-80025, 2008 WL 283999 (E.D. Mich. Feb. 1, 2008) ........................................................................................................................ 11

*United States v. Pickar*, 616 F.3d 821 (8th Cir. 2010) ....................................... 9, 10

*United States v. Whitfield,* No. 3:09CR9, 2009 WL 3461134 (W.D. N.C. Oct. 21, 2009) ................................................................................................ 11

*United States v. Williams*, 864 F.3d 826 (7th Cir. 2017) ........................................ 1

*United States v. Yockel*, 320 F.3d 818 (8th Cir. 2003) ...................................... 9, 10

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) ........................................ 12, 15

## Federal Statutes

18 U.S.C. § 16 ................................................................................................ 7

18 U.S.C. § 924 .................................................................................... *passim*

18 U.S.C. § 2113 .................................................................................. *passim*

28 U.S.C. § 2241 .................................................................................. *passim*

28 U.S.C. § 2244 ................................................................................ 15

28 U.S.C. § 2255 .................................................................................. *passim*

## INTRODUCTION

In *Borden v. United States,* 141 S. Ct. 1817 (2021), the Supreme Court held that the statutory term "violent felony" in 18 U.S.C. § 924(e) covers only crimes that contain a use-of-force element that is committed knowingly or purposely and does not extend to crimes involving reckless action against another. Billie Allen was convicted of using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) and (j). The terms "violent felony" in § 924(e) and "crime of violence" in § 924(c) are almost identical and are used interchangeably. *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017); *compare* § 924(e)(2)(B)(i) (offense qualifies as violent felony if it involves "the use, attempted use, or threatened use of physical force against another") *with* § 924(c)(3)(A) (offense qualifies as crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

The underlying crime of violence that served as the predicate offense in Mr. Allen's § 924(c) & (j) conviction was bank robbery in which a killing occurs, 18 U.S.C. § 2113 (a) & (e). Because, however, the "least culpable" means of committing § 2113(a) & (e) does not require a *mens rea* greater than recklessness, it is not a crime of violence under *Borden* and cannot serve as a predicate offense for

1

a § 924(c) and (j) conviction. 141 S. Ct at 1822. Mr. Allen is therefore innocent of § 924(c) and (j)--the crime which serves as the basis for his sentence of death.[1]

A federal prisoner may seek habeas relief under 28 U.S.C. § 2241 if the post-conviction statute, 28 U.S.C. § 2255, is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). Section 2255 makes no provision for a successive motion for relief grounded in an issue of statutory interpretation that renders a prisoner innocent of the crime of conviction. In those circumstances, § 2255 is inadequate or ineffective, and a prisoner may seek relief under 28 U.S.C. § 2241. *See In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

After *Borden*, Mr. Allen stands convicted of a non-existent crime and has no way to seek relief under § 2255, which is therefore "inadequate or ineffective to test

---

[1] The term "crime of violence" in § 924(c) is defined as follows:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and—

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Section 924(c)(3)(B) is void for vagueness. *See United States v. Davis*, 139 S. Ct. 2319 (2019).

the legality" of a conviction under a statute later deemed inapplicable, as here. This Court should grant him review and relief under § 2241.

## RELEVANT PROCEDURAL BACKGROUND

In 1998, Mr. Allen was convicted of two counts in connection with the same bank robbery and murder: Count 1 under 18 U.S.C. § 2113(a) & (e) (armed robbery in which a killing occurs) and Count 2 under 18 U.S.C. § 924(c) & (j) (carrying or using a firearm during a crime of violence in which a murder occurs). *USA v. Holder et al,*, No. 4:16-CV-00141-ERW, ECF No. 423 (E.D. Mo. June 4, 1998). Mr. Allen was sentenced to life imprisonment without the possibility of parole on Count 1, the armed robbery count, and to death on Count 2, the crime of violence count.[2]

The Eighth Circuit affirmed. *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). The Supreme Court granted certiorari and remanded in light of *Ring v. Arizona*, 536 U.S. 584 (2002). *Allen v. United States*, 536 U.S. 953 (2002). On remand, a panel of the Eight Circuit vacated Mr. Allen's death sentence. *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004). The *en banc* Eighth Circuit subsequently reversed and reinstated the death sentence. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005), *cert. denied Allen v. United States*, 127 S. Ct. 826 (2006).

---

[2] Count 1 is not at issue in this petition.

On January 8, 2007, Mr. Allen filed a § 2255 petition. No. 4:07-CV-00027 (E.D. Mo.). The district court denied the petition and denied a certificate of appealability. *Allen v. United States*, No. 4:07-CV-00027, 2014 WL 2882495 (E.D. Mo. June 25, 2014). The Eighth Circuit granted a certificate of appealability on one issue and thereafter affirmed the lower court's denial of relief. *Allen v. United States*, 829 F.3d 965 (8th Cir. 2016).

While Mr. Allen's § 2255 appeal was pending in the Eighth Circuit, he filed an application to file a second or successive petition pursuant to 28 U.S.C. § 2255(h). The application argued that, under *Johnson v. United States*, 576 U.S. 591 (2015), which held that § 924(c)(3)(B) (the residual clause) was unconstitutionally vague, Mr. Allen's conviction for bank robbery did not fall under § 924(c)(3)(A) (the force clause), and therefore his conviction under 18 U.S.C. § 924(c) and (j) was invalid. On July 26, 2016, a divided Eighth Circuit panel denied Mr. Allen permission to file a second or successive petition under § 2555, because it found that a conviction for bank robbery under § 2113(a) and (e) fell under § 924(c)(3)(A) (the force clause), and therefore *Johnson* did not invalidate his conviction. *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016). The dissent contended that Mr. Allen's application should be granted because "[o]ur circuit has held the *mens rea* for the federal bank robbery offense, § 2113(a) does not apply to the use of violence or intimidation[,]" and

4

therefore it was an open question whether Mr. Allen's conviction fell under the force clause. *Id*. at 896 (Melloy, J. dissenting) (citing cases).

On June 24, 2016, while his application was pending in the Eighth Circuit, Mr. Allen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, raising the same *Johnson* claim that was raised in the Eighth Circuit. *Allen v. Daniels¸* No. 2:15-CV-00257 (S.D. Ind. June 24, 2016). On May 18, 2020, the Court denied Mr. Allen's § 2241 petition, because Mr. Allen could not show that "§ 2255 is 'inadequate or ineffective'" where "he [did] not rely on a new, retroactive rule of statutory interpretation." *Id.*, ECF No. 48 at 3, 5. Rather, because he relied on a new "new rule of constitutional law made retroactive to cases on collateral review," the door was open to a successive § 2255 motion. *Id.*, ECF No. 48 at 5. The Eighth Circuit simply disagreed on the merits of Mr. Allen's proposed successive § 2255 motion. *Id.*, ECF No. 48 at 4.

Mr. Allen appealed to the Seventh Circuit but, based on controlling precedent that *Johnson* claims are not cognizable under § 2241, moved for voluntary dismissal of the appeal. No. 20-3361, ECF No. 11-1 (7th Cir. May 12, 2021); *see also Higgs v. Watson*, 984 F.3d 1235, 1239 (7th Cir. 2021).

On June 10, 2021, the Supreme Court decided *Borden*, 141 S. Ct. 1817, a case of statutory interpretation that applies retroactively. Unlike Mr. Allen's prior petition based on *Johnson*, Mr. Allen's instant claim is cognizable under § 2241.[3]

## ARGUMENT

**I.    SECTION 2113(A) & (E) CANNOT SERVE AS A PREDICATE OFFENSE FOR A § 924(C) & (J) CONVICTION BECAUSE A *MENS REA* OF RECKLESSNESS SATISFIES THE STATUTE.**

### A.    Under *Borden*, the Predicate Offense Must Require a Mens Rea of More Than Recklessness to Qualify as a Crime of Violence.

In *Borden*, the Supreme Court interpreted the "force" clause of § 924(e) (the "ACCA"). Deciding a question it had previously left open, 141 S. Ct. at 1825, the Court held that the statutory definition of what constitutes a violent felony in § 924(e)(2)(B)(i) does not include crimes that could be committed with a *mens rea* of recklessness. Justice Kagan wrote for the plurality:

> We must decide whether the elements clause's definition of "violent felony"—an offense requiring the "use of physical force against the person of another"—includes offenses criminalizing reckless conduct. We hold that it does not. The phrase "against another," when modifying the "use of force," demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner. Our reading of the relevant text finds support in its context and purpose. The treatment of reckless offenses as "violent felonies" would impose large sentencing enhancements on individuals (for example, reckless drivers) far afield from the "armed

---

[3] Mr. Allen is currently litigating an unrelated § 2241 petition in the United States District Court for the Southern District of Indiana. *Allen v. Warden*, No. 2:20-CV-00406-JRS-MJD (S.D. Ind. 2021).

career criminals" ACCA addresses—the kind of offenders who, when armed, could well "use [the] gun deliberately to harm a victim."

*Borden*, 141 S. Ct. at 1825 (citation omitted). Thus, the use-of-force element in the predicate conviction requires a *mens rea* of more than recklessness to satisfy the force clause of § 924(c)(3)(A). *Id*. at 1834.

Justice Thomas, concurring, reached the same conclusion for similar reasons. In his view, "a crime that can be committed through mere recklessness does not have as an element the 'use of physical force' because that phrase 'has a well-understood meaning applying only to intentional acts designed to cause harm.'" *Id*. at 1835. He and the plurality thus agreed on the ultimate conclusion: a conviction cannot qualify as a "violent felony" unless the use-of-force element has a *mens rea* of more than recklessness.

As Justice Kagan observed, the force clause of § 924(e) is "relevantly identical" to the language of the force clause contained in 18 U.S.C. § 16(a). *Id*. at 1824. That language in turn is identical to that in § 924(c), the provision at issue here. *See United States v. Olvera-Martinez*, No. 18-40338, 2021 WL 4166369 (5th Cir. Aug. 27, 2021) (parties agreeing that *Borden* applies to "crime of violence" definition in § 16(a)); *see also United States v. Mejia-Quintanilla*, No. 17-15899, 2021 WL 4282628, at *1 (9th Cir. Sept. 21, 2021) (*Borden* governs question whether California murder is "crime of violence" under § 924(c)). Therefore, an offense

7

cannot serve as a "crime of violence" for § 924(c) if it is possible to commit the predicate offense with recklessness or lesser culpability.

**B.**      **Federal Bank Robbery under § 2113(a) and (e) Does Not Qualify under the Force Clause of § 924(c)(3)(A).**

Where, as here, a statute is indivisible, i.e., when it merely lists "multiple, alternative means of satisfying one (or more) of its elements," courts must use the categorical approach to determine whether a predicate offense qualifies as a crime of violence. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *see also Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). This approach requires that courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps,* 133 S. Ct. at 2283 (citation omitted). "If any—even the least culpable—of the acts criminalized do not entail" a *mens rea* higher than recklessness, the statute of conviction cannot serve as a predicate offense for a § 924(c) conviction. *Borden,* 141 S. Ct. at 1822.

Applying the categorical approach, federal bank robbery in which a killing occurs fails to qualify as a crime of violence under § 924(c)(3)(A)'s force clause because the use of force element in § 2113(a) to satisfy the bank robbery can be committed with intimidation, and the *mens rea* required to satisfy the intimidation element can be accomplished by recklessness. Additionally, the killing element

8

found in § 2113(e) can be satisfied by conduct that is accidental, reckless, or by happenstance.

### 1. Section 2113(a) Cannot Serve as a Predicate § 924(c) and (j) Conviction under *Borden.*

Mr. Allen was convicted in the Eighth Circuit. That Circuit's long-standing precedent establishes that § 2113(a) does not necessarily require the intentional use of force. Rather, it can be satisfied by reckless conduct.

Bank robbery under § 2113(a) can be committed "by force and violence, *or by intimidation.*" 18 U.S.C. § 2113(a) (emphasis added). To satisfy the intimidation element, the government need not even prove that the defendant intended to intimidate; instead, the government must "simply prove . . . that the defendant intended to do or say what he in fact did or said, and that the defendant's words or actions were of a kind that would make an ordinary person fear bodily harm." *United States v. Pickar*, 616 F.3d 821, 826 (8th Cir. 2010); *see also United States v. Yockel*, 320 F.3d 818, 824-25 (8th Cir. 2003) (intimidation element satisfied where the defendant was wearing a fanny pack and "acted 'real fidgety,' was moving around and at one point put his elbows up on either side of the window and leaned very close to the teller so that no more than a foot separated himself and the teller."). The action required to satisfy the intimidation element of bank robbery does not require even a threat of violent force, but only that an ordinary person fear some bodily harm. *Pickar*, 616 F.3d at 826; *see Yockel*, 320 F.3d at 824 ("The district court

9

correctly concluded the *mens rea* element of bank robbery did not apply to the element of intimidation[.]"). The intimidation element does not fall under the force clause because it does not require an intentional threat of physical force. *Pickar*, 616 F.3d at 826 ("The government is also not required to prove that the defendant intended to intimidate anyone."); *Yockel*, 320 F.3d at 824 ("whether or not [the defendant] intended to intimidate the teller is irrelevant in determining his guilt.").

Despite this precedent, the Eighth Circuit held pre-*Borden*, and in Mr. Allen's very case, that the statutory language of § 2113(a) requiring commission of the crime by "force and violence, or by intimidation" satisfies the definition of "crime of violence" in § 924(c). *Allen*, 836 F.3d at 894; *see also id.* at 896 ("Our circuit has held the *mens rea* for the federal bank robbery offense, § 2113(a) does not attach to the use of violence or intimidation.") (Melloy, J., dissenting).

*Borden* abrogates this Eighth Circuit rule that discounted to irrelevance the defendant's intent. Under *Borden*, because the intimidation element of § 2113(a) can be accomplished with a *mens rea* of recklessness or less, it does not satisfy the "crime of violence" definition under § 924(c)(3)(A).

### 2. Section 2113(e) Cannot Serve as a Predicate § 924(c) and (j) Conviction under *Borden*.

The killing element of § 2113(e) cannot serve as a predicate crime of violence under § 924(c)(3)(A) because it too can be committed recklessly, by accident, or by happenstance. Indeed, the Eighth Circuit in Mr. Allen's very case held that

10

"[b]ecause the plain language of 18 U.S.C. § 2113(e) says simply 'kills' and not 'intentionally kills' or 'murders,' the settled principles of construction direct us to conclude that [Congress] did not intend to add an additional scienter requirement to the killing component of the crime." *Allen*, 247 F.3d at 782 (internal quotations and brackets omitted). "Thus, a conviction under § 2113(e) . . . does not require an additional finding of specific intent to kill." *Id.* This holding is law of the case.

Other courts have likewise held that the killing element can be satisfied by recklessness, accidental conduct, or happenstance. *See, e.g., United States v. Jackson*, 736 F.3d 953, 957-58 (10th Cir. 2013) (agreeing with the Eighth Circuit's reasoning in *Allen* and finding the killing element of § 2113(e) was established where the defendant accidentally caused "the traffic accident resulting in two deaths"); *United States v. Whitfield*, No. 3:09CR9, 2009 WL 3461134, at * 2 (W.D. N.C. Oct. 21, 2009) (killing element established in § 2113(e) prosecution where victim died from heart attack induced by stress of robbery); *United States v. O'Reilly*, No. 05-80025, 2008 WL 283999, at *2 (E.D. Mich. Feb. 1, 2008) (recognizing an incidental heart attack as a killing that can satisfy § 2113(e)). Because the killing can be achieved by recklessness, negligence, or accident, it does not qualify as a crime of violence under § 924(c)(3)(A). *See Borden*, 141 S. Ct. at 1834.

11

### III.   SECTION 2255 IS INADEQUATE AND INEFFECTIVE TO TEST THE LEGALITY OF THE § 924(C) & (J) CONVICTION.

Mr. Allen could not have brought this *Borden* claim in a petition for authorization to file a successive motion under § 2255, because § 2255 provides no ground to bring a successive claim based on a new statutory rule.  Nor could he have advanced the same argument successfully before *Borden*, in his earlier petitions, because Eighth Circuit precedent squarely foreclosed it.  *Allen*, 836 F.3d at 894.  Mr. Allen's only path to one fair opportunity to present his *Borden* claim lies in 28 U.S.C. § 2241.

Under § 2255(e)'s "savings clause," a federal habeas petitioner may challenge the legality of a conviction and sentence through § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention," including the sentence. 28 U.S.C. § 2255(e); *see Brown v. Caraway*, 719 F.3d 583, 586-89 (7th Cir. 2013) (section 2241 available to challenge petitioner's sentence as well as his conviction).

The Seventh Circuit's savings clause jurisprudence provides that § 2241 was designed "to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *Davenport*, 147 F.3d at 609, and that savings clause review is appropriate when there is "some kind of structural problem with section 2255" that prevents the prisoner from invoking its provisions.  *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

12

In *Davenport*, two petitioners (Davenport and Nichols) sought § 2241 review based on a new, retroactively applied rule of statutory law, announced by the Supreme Court, that could invalidate their convictions. *Davenport*, 147 F.3d at 609-11. In the case of Nichols, circuit precedent precluded him from raising this claim at the time of his initial § 2255 proceedings, and, as a new rule of *statutory* law, the Supreme Court's new, retroactive rule did not satisfy the requirements for review under § 2255(h). The Seventh Circuit therefore held that he was entitled to review under § 2241. Denying him the opportunity to remedy imprisonment for a "non-existent offense" suggested an "inadequacy of constitutional dimensions." *Id.* at 610-11.

The *Davenport* court explained that the petitioner could invoke § 2241, because the rule was both a new substantive rule and a previously unsettled rule. 147 F.3d at 611. The *Davenport* court applied three criteria in determining that Nichols could proceed under § 2241: his claim was statutory, not constitutional; he relied on a retroactive decision that he could not have invoked in his first § 2255 motion; and he had shown a fundamental defect in his conviction. 147 F.3d at 610-12. The court stressed that, on the one hand, circuit precedent was "firmly against" Nichols at the time of his initial motion, but on the other hand, the new decision did not overrule prior Supreme Court law but settled an open question. *Id.* at 610-11; *see also Brown*, 719 F.3d at 595 (section 2255 "inadequate or ineffective" to test

13

claim because, before retroactive Supreme Court decision, "Circuit precedent foreclosed the argument advanced today" that third degree arson was not a crime of violence under sentencing guidelines). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

In contrast, in *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), the court applied *Davenport*'s three-part test to a claim based on *Rosemond v. United States*, 572 U.S. 65 (2014), which held that a defendant must know that an accomplice was carrying a gun in order to be guilty as an accomplice under § 924(c). The court acknowledged that, as a new substantive rule, the *Rosemond* holding applied retroactively. *Montana*, 829 F.3d at 783. Nevertheless, because "there was an opening for the argument Mr. Montana now raises" under Circuit law at the time of his direct appeal and initial § 2255 motion, his claim foundered on *Davenport*'s second requirement.

Like the successful petitioner in *Davenport*, Mr. Allen stands convicted of a nonexistent crime. *Borden* settled an open question, holding that a crime that can be committed with anything less than purpose or knowledge is not a violent felony. 141 S. Ct. at 1821-22, 1825. That decision, as a new substantive rule determining the

14

definition of the crime, applies retroactively. *See Bousley v. United States,* 523 U.S. 614, 620-21 (1998) (decisions holding that a "substantive federal statute does not reach certain conduct" carries risk of convicting defendant of an "act that the law does not make criminal" and must apply retroactively in habeas review). *Borden* holds that § 924(e)—a statute "relevantly identical" to the corresponding "crime of violence" definition in 924(c)—does not reach offenses that can be committed with reckless or lesser culpability.

Nevertheless, § 2255 is inadequate and ineffective as a vehicle for Mr. Allen to challenge his conviction under *Borden*. The claim neither invokes a new constitutional rule nor presents new evidence. *Davenport*, 147 F.3d at 610; *see* 28 U.S.C. § 2244(b)(2)(A), (B). If he had attempted to advance the claim in his earlier § 2255 proceedings, Eighth Circuit precedent would have firmly foreclosed it. *Davenport*, 147 F.3d at 610; *see Allen*, 836 F.3d at 894. Indeed, Mr. Allen's diligent attempts to make the *mens rea* argument in earlier applications for authorization to file a successive petition in the Eighth Circuit, without the benefit of Supreme Court precedent to support them, failed. *Allen*, 836 F.3d at 894*; see Webster,* 784 F.3d at 1140-42, 1146. In other words, a "structural problem" prevents him from raising the claim in a successive § 2255 petition, because it is not a constitutional claim. *See Webster*, 784 F.3d at 1136.

15

Mr. Allen has a valid *Borden* claim and should receive one "reasonable opportunity to obtain a reliable judicial determination" of the claim. *Davenport*, 147 F.3d at 609. Section 2255 could not and cannot give him that one fair shot. This Court should accordingly allow him § 2241 review and grant him relief.

## PRAYER FOR RELIEF

For the reasons above, this Court should allow Mr. Allen to proceed under 28 U.S.C. § 2241, grant his petition for writ of habeas corpus, and vacate his conviction and sentence imposed under section 924(c) and (j).

Respectfully submitted,

/s/ Alex Kursman
Alex Kursman
Assistant Federal Defender
Federal Community Defender Office
for the Eastern District of
Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
Tel: 215.928.0520
Fax: 215.928.0826
Alex_kursman@fd.org

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I, Alex Kursman, hereby certify that on this 20th day of October, 2021,

I submitted the foregoing Petition *vice* with service via first class mail and

email to:

Carrie Constantin
First Assistant United States Attorney
111 South 10th Street, 20th Floor
St. Louis, Missouri 63102

Brian L. Reitz
United States Attorney's Office
10 West Market Street
Suite 2100
Indianapolis, IN 46204

/s/ Alex Kursman
Alex Kursman
Assistant Federal Defender
Federal Community Defender Office
 for Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Fax: (215) 928-0826