## PRACTICES AND PROCEDURES BEFORE
## JUDGE JAMES PATRICK HANLON

Counsel are expected to have read and to comply with these Practices and Procedures.  Counsel may seek modification of any part of these Practices and Procedures as appropriate in a specific case.  The Court may also alter them as appropriate in any case.  Inquiries should be directed to the Courtroom Deputy Clerk, Pam Pope, at 317-229-3962 or pam_pope@insd.uscourts.gov.

### INDEX

I.      General Courtroom Expectations ............................................... 2
II.     Motions Practice ................................................................. 2
        A. Filing Motions with Supporting Briefs and Exhibits .......... 2
        B. Rule 12 Motions ................................................. 2
        C. Summary Judgment Motions ........................................ 2
        D. Motions for Preliminary Injunctive Relief ......................... 4
        E. Objections under Fed. R. Civ. P. 72(a) ............................ 4
        F. Oral Argument .................................................... 4
        G. Pending Ripe Motions ............................................. 4
III.    Trial ........................................................................... 5
        A. Trial Dates in Civil Cases ........................................ 5
        B. The Final Pretrial Conference ..................................... 5
        C. The Venire and Voir Dire .......................................... 6
        D. Opening Statements and Closing Argument ...................... 7
        E. Examination of Witnesses .......................................... 7
        F. Objections to Questions ........................................... 7
        G. Difficult Issues—Advance Notice ................................... 8
        H. Stipulations ..................................................... 8
        I.  Use of Depositions ............................................... 8
        J. Exhibits .......................................................... 10
        K. Jury Instructions and Verdict Forms .............................. 11
        L. Experts ........................................................... 12
        M. Jurors ............................................................ 12
        N. Logistics and Housekeeping ........................................ 12
        O. Facilities ........................................................ 13
        P. Transcripts ....................................................... 14
        Appendix A: Procedure for Filings Exhibits and Citation Form ............. 15

April 2021

## I.    GENERAL COURTROOM EXPECTATIONS

A. Know the Federal Rules of Civil and/or Criminal Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Southern District of Indiana.

B. Stand when speaking and use the lectern (except for brief objections during testimony).

C. Address the Court, not opposing counsel.

D. Conversation between counsel and/or parties when opposing counsel is questioning or arguing must not be distracting to others.

E. Silence your cell phones and similar devices and do not use them when court is in session.

## II.    MOTIONS PRACTICE

### A. Filing Motions with Supporting Briefs and Exhibits

Motions and exhibits must be filed before supporting briefs so that the brief's citations refer back to the motion's and exhibits' docket numbers. Exhibits may be attached to the motion, as Appendix A shows, or filed separately.  If filed separately, the motion must be filed before the exhibits.

When electronically filing exhibits, number the exhibits and add a descriptive identifier.  *E.g.*, "Ex. 1 – Smith Dep." or "Ex. 3 – Smith Employment Agreement" instead of just "Exhibit 1" or "Exhibit 3."

See Appendix A to these Practices and Procedures for examples of proper descriptive identifiers for electronically filed exhibits.

### B. Rule 12 Motions

Plaintiffs may generally amend their complaints "once as a matter of course" within "21 days after service of a motion under Rule 12(b), (e), or (f)." Fed. R. Civ. P. 15(a)(1).  When a complaint is amended, the Court's standard practice is to deny a Rule 12 motion without prejudice as moot.

### C. Summary Judgment Motions

1. Counsel planning to move for summary judgment must contact counsel for the other parties to determine if any other party also plans to move

2

April 2021

for summary judgment.

2. If opposing parties plan to move for summary judgment, the following modified briefing process applies:
   a. Motion and Brief in Support by Party A (limited to 35 pages);
   b. Cross-Motion, Brief in Support, and Response in Opposition by Party B (limited to 55 pages);
   c. Reply in Support of Motion and Response in Opposition to Cross-Motion by Party A (limited to 40 pages);
   d. Reply in Support of Cross-Motion by Party B (limited to 20 pages).

3. In other situations, or if a party believes that a different process is appropriate, counsel may file a motion with a proposed briefing process that states the position of all other counsel.

4. Motions to exceed page limitations are disfavored.  Similarly, "[c]ollateral motions in the summary judgment process, such as motions to strike, are disfavored.  Any dispute regarding the admissibility or effect of evidence should be addressed in the briefs."  L.R. 56-1(i).

5. Briefs on Summary Judgment shall comply with Local Rule 56-1(e):

> "A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence.  The evidence must be in the record or in an appendix to the brief.  The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence."

*See also* Fed. R. Civ. P. 56(e).  Parties therefore must specifically cite evidence for each fact in the fact and argument sections.  Unsupported facts may be disregarded.  *See Bluestein v. Cent. Wisconsin Anesthesiology, S.C.,* 769 F.3d 944 n.1 (7th Cir. 2014).

6. Deposition Citations & Excerpts

Deposition cites must include specific page and line numbers.  The cited pages—and at least the three pages immediately preceding and following—must be included as an exhibit.  The Court may decline to consider evidence that does not include the entire excerpts.

April 2021

7. Citation Form

See Appendix A to these Practices and Procedures for examples of proper citation format.  In a supporting brief, cite the docket number, the attachment number (if any), and the .pdf page number.  For example:

Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012.  Dkt. 42-8 at 5.

That citation would refer to page five of attachment eight to the item filed as docket number 42.

## D. Motions for Preliminary Injunctive Relief

Motions for a temporary restraining order or preliminary injunction must address each requirement in Federal Rule of Civil Procedure 65.  Counsel should also address:
1. When the alleged irreparable harm will occur.
2. Whether discovery will be required, with a brief explanation of the discovery sought.
3. Whether counsel seeks an evidentiary or argument hearing.
4. A proposed timeline for any discovery, hearings, and rulings.

## E. Objections under Federal Rule of Civil Procedure 72(a)

Objections to a Magistrate Judge's non-dispositive pretrial ruling under Federal Rule of Civil Procedure 72(a) should follow the briefing schedule in Local Rule 7-1(c)(3).

## F. Oral Argument

Oral argument on civil motions will be granted only in exceptional cases.

## G. Pending Ripe Motions

If a motion for summary judgment has been fully briefed for 180 days or any other motion has been fully briefed for 90 days—or in exceptional circumstances—counsel may file a status update explaining the effect of the pending motion on the parties and on case progress.  Counsel may not ask off the record about when the Court may rule on a substantive motion.

April 2021

## III.    TRIAL

### A. *Trial Dates in Civil Cases*

Ordinarily, the Court will not automatically set a trial date in civil cases until after the dispositive motion deadline has passed and rulings on any dispositive motions.  If counsel believes that a trial date should be set at an earlier point, they may file a motion to set a trial date.

A motion to set a trial date must include (1) whether the trial is by jury, (2) the number of days anticipated for trial, (3) proposed trial dates, and (4) the position of opposing counsel.  If the dispositive motion deadline has not passed, proposed trial dates should be at least 180 days after the deadline to provide time for any motion to be resolved within the context of other matters on the Court's docket.  Any extension of time that compromises the 180-day period will jeopardize the scheduled trial date.

### B. *The Final Pretrial Conference*

1. Counsel shall meet and confer before the final pretrial conference to attempt to agree on items in the final pretrial order and below.

2. Counsel must be prepared to address any pending motions, objections, and issues related to voir dire and jury instructions at the final pretrial conference.

3. About four weeks before the final pretrial conference, the Court will issue an order setting deadlines for certain filings.  Those deadlines are intended to be consistent with CMP deadlines, but if they differ, the order controls.

4. The parties are expected to work together to prepare the filings required by the final pretrial order.

5. Motions in limine should be filed as one document numerically listing each issue to be addressed.  The opposing party must respond to each issue with either "no objection," or "objection" with supporting argument.

6. The agenda for the final pretrial conference typically includes the following items:
    a. Discuss voir dire process, length of opening statements, and length of closing arguments.
    b. Review witness lists to determine who will testify and the subjects of their testimony.

5

   c. Discuss stipulations.
   d. Review exhibit lists and discuss admissibility and objections. Bring copies of proposed exhibits to conference.
   e. Discuss testimony that will be offered through a deposition.
   f. Discuss motions in limine and objections.
   g. Discuss preliminary instructions and objections.
   h. Discuss status of final jury instructions, objections, and verdict forms.
   i. In criminal cases, potential forfeiture.
   j. In civil cases, discuss status of possible settlement.

## C. *The Venire and Voir Dire*

1.  Copies of questionnaires which the venire has completed will be available to counsel the business day (usually a Friday) before the trial starts. As soon as the jury has been chosen, the questionnaires must be returned to the Courtroom Deputy.

2.  A seating chart will be available the morning of trial.

3.  Jurors are assigned numbers and must always be referred to by Juror Number rather than name.

4.  The Court will question the entire panel. The Court's proposed questions will be provided to counsel before the final pretrial conference. The Court will ask follow-up questions as appropriate and may allow counsel to ask follow-up questions to individual responses.

5.  On a case-by-case basis, the Court may allow counsel to question the entire panel. This will be addressed at the final pretrial conference.

6.  In civil cases, each side will have at least three peremptory challenges for the entire venire; the exact number will be addressed at the final pretrial conference. After all challenges, the appropriate number of jurors will be chosen in order of lowest draw numbers.

7.  In civil cases, the Court ordinarily seats eight jurors. There are no alternate jurors in civil cases—all seated jurors will deliberate.

8.  In criminal cases, ordinarily the government will have six peremptory challenges and the defense will have ten peremptory challenges; plus any additional challenges for alternate jurors. Fed. R. Crim. P. 24.

April 2021

### D. Opening Statements and Closing Argument

1. Counsel should stand at the lectern during the opening statement and closing argument.

2. The amount of time for opening statements will ordinarily be set at the final pretrial conference, and the amount for closing arguments will be set at trial.

3. When opposing counsel is speaking, never divert the attention of the Court or the jury.  Instruct clients and witnesses to do the same.

4. During opening statements, do not use an exhibit without the Court's approval unless admissibility is stipulated.

5. Confine opening statements to what you expect the evidence to show.  It is not proper to use the opening statement to argue the case, to instruct as to the law, or to express counsel's personal opinion.

6. If Plaintiff is going to suggest a damages number to the jury in closing argument, it must be stated in the opening segment of the argument so that Defendant can respond.

7. Closing arguments must be based on the evidence and reasonable inferences from the evidence.  Do not attack opposing counsel, offer personal beliefs or opinions, or make arguments likely to inflame passion or prejudice.  Know what's proper in closing argument and what's not. *See United States v. Klebig*, 600 F.3d 700, 718–19 (7th Cir. 2009).

### E. Examination of Witnesses

1. Witnesses are to be asked questions, not argued with or given editorial commentary about their answers.

2. Do not display an exhibit to the jury until it has been admitted into evidence.

3. Counsel shall examine witnesses from the lectern.

4. Have all witnesses spell their names on the record.

### F. Objections to Questions

1. Stand when making objections.

7

April 2021

2. When making an objection, state only that you are objecting and specify the ground or grounds for that objection.

3. Objections must be brief and shall not recapitulate testimony or attempt to guide the witness.

4. The Court will ordinarily ask for a brief response from opposing counsel. Counsel shall not argue further without permission.

5. Only the attorney who handles the direct examination of a witness may raise objections when other counsel is examining the witness. Only the attorney who will cross-examine a witness may raise objections during direct examination.

### G. Difficult Issues—Advance Notice

If counsel anticipate that any question of law or evidence is not routine, will provoke an extensive argument, or will require a proffer outside the presence of the jury, counsel should confer and attempt to resolve the matter. If agreement is not possible, counsel should give advance notice to the Court to allow for appropriate scheduling arrangements to be made.

### H. Stipulations

1. Stipulations concerning exhibit admissibility and authenticity, as well as stipulations of fact, are expected.

2. The preferred exhibit stipulation for jury trials is that exhibits are admissible and may be used at any place in the trial.

3. The preferred exhibit stipulation for bench trials is that exhibits are admissible and may be used at any place in the trial. Only exhibits mentioned during the trial will be considered as having been admitted into evidence, unless the parties specifically stipulate otherwise.

### I. Use of Depositions

1. When referring a witness to her prior testimony, be clear whether you are doing so to refresh recollection or to impeach.

2. When a deposition is read for impeachment, the relevant excerpts must be identified orally for the record by line and page reference. Counsel should ordinarily allow the witness to read the excerpts after the identification has been made for the record. A deposition used for impeachment need not be filed or marked as an exhibit.

8

April 2021

3. Confer with opposing counsel to edit depositions to be used at trial, including video depositions, and remove unnecessary material.

4. The portions of a deposition to be read at trial shall be marked on the original transcript and the original transcript shall be marked as an exhibit and offered as an exhibit at trial. However, the exhibit shall not be included with the exhibits provided to the jury for its deliberations.

5. If a video deposition is to be shown at trial, both the video and the original transcript of the deposition (with the portions to be shown marked) shall be marked and offered as exhibits, but shall not be included with the exhibits provided to the jury for its deliberations.

6. If a deposition is to be read at trial other than for impeachment, the party seeking to use the deposition shall place a person in the witness box and read the selected questions, with the person in the box reading the answers of the deposed witness to those questions.

7. If a deposition is to be used at trial other than for impeachment and objections were made at the deposition, counsel should confer before the final pretrial conference, and any disputed issues will be addressed at the final pretrial conference.

8. The parties should stipulate, if possible, that the reading of depositions not be taken by the reporter.

9. Summaries of deposition transcripts are acceptable only by stipulation.

10. Medical experts who routinely examine and treat patients in their practices and who have been deposed in a case will be presumed "unavailable" for in-Court testimony under Fed. R. Civ. P. 32(a)(4) so that their deposition testimony may be offered into evidence at trial in that case by any party. This presumption applies even if their deposition testimony is being offered as firsthand observations rather than as expert opinion. This presumption is to avoid inconvenience and delay to jurors, health care providers, and patients caused by the scheduling of in-court testimony. If a party objects to this presumption and the admissibility of deposition testimony instead of in-court testimony, a written objection must be filed at least 30 days before the trial date. A party opposing such an objection can still attempt to demonstrate under Fed. R. Civ. P. 32 that the deposition testimony ought to be admitted.

April 2021

### J. Exhibits

1. All exhibits should be identified by number only ("Exhibit 1" as opposed to "Plaintiff's Exhibit 1" for example).  Counsel shall confer and agree from the beginning of discovery on a numbering system that avoids confusion and duplication.  The recommended numbering system marks the first deposition exhibit No. 1 and so on up to No. 8, for example, for the last one.  The first exhibit in the second deposition should be marked No. 9 and so on.  Thus, for example, the employment contract would be the same exhibit with the same number for all depositions.  Then, the same exhibit numbers would be used for trial purposes.  Numbers for trial exhibits need not be consecutive.

2. Counsel should move for the admission of stipulated exhibits at the beginning of trial.  Other exhibits should be offered in evidence when they become admissible, rather than at the end of a witness' testimony or counsel's case.

3. Counsel shall prepare three binders with the documentary exhibits for the Court.  Oversized exhibits may be excluded.  Details for providing exhibits will be discussed at the final pretrial conference.

4. Demonstrative exhibits should be shown to opposing counsel before trial.  The parties must object to a demonstrative exhibit at the first opportunity.  Only unopposed demonstrative exhibits may be shown to the jury without leave of Court.

5. During trial, exhibits admitted into evidence are kept on the table in front of the jury box or at the witness stand if exhibits are contained in a notebook or notebooks.  Each counsel is responsible for exhibits taken from the table or the witness stand.  At each recess or adjournment, return all exhibits to the table or witness stand.  Exhibits which have been offered but not admitted are also part of the record of the case and are kept by the Courtroom Deputy.

6. Each counsel shall keep a list of admitted exhibits.  Counsel and the Courtroom Deputy shall confer at the close of the evidence to ensure that only admitted exhibits are sent to the jury.  Counsel shall substitute photographs for controlled substances, currency, firearms, and other dangerous materials.

7. If an exhibit must be marked for identification in open Court, counsel should state for the record what they are doing and briefly describe the nature of the exhibit.  Counsel should not expect the Court to provide exhibit labels.

10

April 2021

8. When counsel or witnesses refer to an exhibit, mention should also be made of the exhibit number so that the record will be clear.

9. When maps, diagrams, pictures or similar materials are used as exhibits, and locations or features on such documents are being pointed out by witnesses or counsel, those locations should be appropriately marked on the documents if they are not clear from the exhibits themselves. Unnecessary markings should be avoided. Counsel may use exhibits with overlays or moveable parts. Markings on exhibits should be made only after conferring with opposing counsel and receiving the Court's permission. Counsel should describe the markings for the record.

10. When counsel expect to offer answers to interrogatories or requests for admissions extracted from separate documents, prepare copies of the individual materials so that the Court and jury do not wait for counsel to locate the items. The copies should only be the particular interrogatory or request to admit with the caption and signature page. These materials should ordinarily be the subject of stipulations.

11. If a document is not in the exhibit binders but may be admitted into evidence, have an appropriate number of copies on three-hole punched paper, so that if admitted, the exhibits may be distributed to the Court, opposing counsel, and the Courtroom Deputy for inclusion in binders.

12. Each page of each exhibit should have an identifying number.

13. If deposition exhibits will be referred to at trial, either during impeachment or from reading a transcript or showing a video, and their numbering is not consistent with the numbering system used at trial, the parties should create a stipulation containing a cross-reference to trial exhibit numbers and any deposition exhibits.

14. If oversized exhibits are to be used, counsel must make arrangements with the Courtroom Deputy at least two weeks before trial.

15. Be sure there is a proper line of sight for the jury, Court, witness, and counsel when using easels, over-sized exhibits, and models.

16. Demonstrative exhibits are not sent to the jury room for deliberations unless the parties agree otherwise.

### K. Jury Instructions and Verdict Forms

1. Proposed jury instructions and verdict forms must be filed and served.

April 2021

2. Proposed instructions must cite their source and supporting authority.

3. The Court will hold an instructions conference during trial, generally near the conclusion of the evidence and at a time that will not inconvenience the jury. The Court will provide draft jury instructions and verdict forms to counsel before the conference.

4. Ordinarily, the Court will read most of the final jury instructions to the jury before closing arguments.

### L. Experts

After establishing qualifications, counsel shall request that the Court designate the witness is an "expert." *See United States v. Jett*, 908 F.3d 252, 260 n.1, 266 (7th Cir. 2018).

### M. Jurors

1. Do not exhibit familiarity with witnesses, jurors, or opposing counsel. No juror should be addressed individually or by name.

2. No person in the courtroom should ever exhibit, by facial expression, bodily movement, or other conduct, any opinion—e.g., surprise, happiness, disbelief, or displeasure—about any testimony, argument, or ruling. Counsel should admonish their clients and witnesses to avoid such behavior. Visitors who cannot abide by this requirement will be asked to leave the courtroom.

3. Jurors are permitted to take notes in notebooks, which will accompany them during their deliberations.

### N. Logistics and Housekeeping

1. Do not ask the Court Reporter to mark testimony. All requests for re-reading of questions or answers should be addressed to the Court.

2. After trial has begun, documents should be filed electronically or given to the Courtroom Deputy—not the Clerk's office—for filing.

3. On trial days, the jury will typically be brought in at 9:00 a.m. On the first day of trial, counsel are expected to be in the courtroom by 8:00 a.m. The time will vary on subsequent days based on whether matters must be addressed outside the presence of the jury, but counsel should arrive at least by 8:30 a.m. A typical trial day will include a midmorning

April 2021

break, lunch around noon, and a midafternoon break with the jury leaving around 5:00 p.m.  Counsel should alert the Court whenever any witness must be held over until the next day.

4.  Promptness is expected from counsel and witnesses.  Inform the Courtroom Deputy of any anticipated scheduling problems.

5.  If a witness was on the stand at a recess or adjournment, that witness should be on the stand ready to proceed when Court is resumed.

6.  If the conclusion of a witness' testimony is followed by a recess or adjournment, the next witness should be ready to take the stand when trial resumes.

7.  If a witness' testimony is expected to be brief, have the next witness immediately available, ordinarily in the witness room.

8.  Do not run out of witnesses.

9.  The Court attempts to cooperate with the schedules of non-party witnesses and will consider permitting them to testify out of sequence. Discuss that possibility with opposing counsel and advise the Courtroom Deputy, including whether there is an objection.

10. If both parties expect to call a witness, the Court will usually require all questioning of the witness when called in the Plaintiff's case.  If a party believes non-leading questions should be asked of the witness, leave can be requested under Federal Rule of Evidence 611.

### O. Facilities

1.  A TV, DVD player, an easel, a dry erase board, and markers are available if Counsel make arrangements with the Courtroom Deputy before trial begins.  Counsel should expect to bring any other equipment, such as overhead projectors, screens, and other easels that they expect to use.

2.  If counsel wish to use one of the Video Evidence Presentation Systems ("VEPS") owned by the Southern District of Indiana, they must coordinate with the Courtroom Deputy at least three weeks before trial. If a VEPS is not available, counsel will need to provide any equipment.

3.  Counsel should discuss with the Courtroom Deputy whether a witness room will be available.  If available, witnesses should generally be asked to report to the witness room.

13

April 2021

4. Chambers supplies, including the copier, are not available to counsel. Counsel should not enter chambers or the jury room unless asked by Court staff.

5. Cell phones must be on silent or vibrate-only in the courtroom. When court is in session, cell phones may be used only for text messages and only to coordinate witnesses and other trial logistics.

6. On trial days, the courtroom will be opened by 8:00 a.m., but can be opened earlier if coordinated in advance with the Courtroom Deputy.

7. The courtroom may not be locked during the noon recess (unless by agreement of all parties), and Court staff will not be present to watch any materials left in the courtroom.

8.  The courtroom will be locked overnight.

9. Food and drinks are not allowed in the courtroom, except water.

## P. Transcripts

1. Daily transcripts of testimony must be arranged, at least two weeks before trial, directly with the Court Reporter.

2. Transcripts of Court proceedings must be arranged with the Court Reporter, preferably before the start of the proceeding.

3. Before trial, counsel shall provide the Court Reporter with a list of words, terms, technical terminology, proper names, acronyms, and case citations that would not be found in a typical spell check.

14

April 2021

## APPENDIX A:  FILING EXHIBITS AND PROPER CITATIONS

### Step 1 – Filing Exhibits

- Motions and exhibits must be filed before supporting briefs so that the brief's citations refer back to the motion's and exhibits' docket numbers.  Exhibits may be attached to the motion, as shown below, or filed separately.  If filed separately, the motion must be filed before the exhibits.

- *If filing an opening brief*:  First, electronically file the motion, attaching any exhibits that will be cited in the supporting brief:

| 03/01/2021 | 🌐 38 | MOTION *for Summary Judgment*, filed by Plaintiff ROBERT SMITH. (Attachments: # 1 Exhibit 1 Johnson Aff., # 2 Exhibit 2 Johnson Dep. Excerpts) (Jones, John) (Entered: 03/01/2021) |

- *If filing a response, reply, or surreply with exhibits*:  First, file an appendix or index of exhibits, attaching any exhibits that will be cited in the supporting brief:

| 03/30/2021 | 🌐 42 | Appendix of Exhibits in Support of RESPONSE in Opposition re 38 MOTION for Summary Judgment, filed by Defendant ABC, INC. (Attachments: # 1 Ex. A: Smith Dep. Transcript, # 2 Ex. B: Smith Dep. Exhibits 1-5, # 3 Ex. C: Smith Employment Agreement, # 4 Ex. D: Jackson Decl. with Exhibits 1–3 (Smith, Susan) (Entered: 03/30/2021) |

- When electronically filing exhibits, number the exhibits and add a descriptive identifier.  *E.g.*, "Ex. 1 – Smith Dep." or "Ex. 3 – Smith Employment Agreement" instead of just "Exhibit 1" or "Exhibit 3."

  Example:

| Attachment | Description | | |
|---|---|---|---|
| 1 | Exhibit A: Smith Dep. Transcript | 52 pages | 4.1 mb |
| 2 | Exhibit B: Smith Dep. Exhibits 1-5 | 32 pages | 3.8 mb |

15

| 3 | Exhibit C: Smith Employment Agreement | 15 pages | 1.3 mb |
| 4 | Exhibit D: Jackson Decl. with Exhibits 1-3 | 20 pages | 1.7 mb |

- If a party relies on a deposition excerpt, the cited pages—and at least the three pages immediately preceding and following—must be included as an exhibit.

**Step 2 – Citing Exhibits**

- Briefs must cite the docket number, the attachment number (if any), and the .pdf page number as it appears in the header at the top of the previously filed exhibit.  For example:

> Mr. Smith signed an employment agreement with ABC Corporation on May 1, 2012.  [Dkt. 42-8 at 5.]

That citation would refer to page five of attachment eight to the item filed as docket number 42.

- When citing deposition transcripts, cite the specific page and line numbers of the deposition in addition to the docket number and page number citation format set forth above.  For example:

Case 1:19-1234-JPH-MJD    Document 38-2    Filed 03/01/21    Page 3 of 24    Page ID #: 239

```
                          10                                              12
  ever worked as a call service representative for    Q  And then have you worked with other team
  another --                                             managers?
  A  No, that's my first time.                        A  Yes.
  Q  Okay.  And did you have any -- before you        Q  Who else have you worked with?
     started work at ' ' ' ', had you had any         A
     training at all in, in telephone communications
     or anything?
  A  Not for sales, yeah, not for sales.  My very     Q
     first job at the Illinois Department of
     Transportation, I was a switchboard operator.  I
     just switched phones, incoming calls, to the     A
     respective party they wanted to speak to but
     nothing in sales, no.                            Q
```

The proper cite is: Dkt. 38-2 at 3 (Johnson Dep. at 10:4-13).

16