| | | |
|---|---|---|
| BILLIE J. ALLEN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00396-JPH-DLP |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

RESPONSE TO PETITION AND ORDER TO SHOW CAUSE

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Carrie Costantin, Special Assistant United States Attorney for said district, and files its Response to Petition and Order to Show Cause.

This Court should dismiss with prejudice or otherwise deny Billie J. Allen's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Allen has procedurally defaulted his claim and fails to show both cause and prejudice or actual innocence. In addition, his claim fails to meet the requirements of the "savings clause" under 28 U.S.C. § 2255(e). Allen's claim fails on the merits because federal bank robbery is a crime of violence and thus serves as a predicate for his 18 U.S.C. 924(j) conviction. His claim also fails because the crime of capital bank robbery is a valid predicate offense under the force clause of § 924(c)(3)(A).

Background

Shortly after 10:30 a.m. on March 17, 1997, the Lindell Bank and Trust Company was robbed in a violent, "take-over" style robbery. Two robbers, Billie Allen and Norris Holder,

1

dressed in dark clothes and wearing masks, entered the lobby of the bank armed with assault rifles and ordered everyone to get down. Shooting began immediately. Both robbers fired their semi-automatic assault rifles. Richard Heflin, Jr., the security guard, was riddled with bullets and died. Mr. Heflin never fired a shot. Allen stayed in the lobby while Holder vaulted over a counter and took money from two teller stations. Allen admitted that he was the robber who stayed in the lobby and who shot Mr. Heflin. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005).

In 1998, Holder and Allen were convicted after separate trials of killing Richard Heflin during the commission of an armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (e) (Count I), and using and carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of 18 U.S.C. §§ 924(c)(1) and 924(j)(1) (Count II).

On both Counts I and II, using special verdict forms in the penalty phase, the jury unanimously found that "the government has established beyond a reasonable doubt that Billie Jerome Allen intentionally inflicted serious bodily injury which resulted in the death of Richard Heflin." [Document 342] In accordance with the jury's recommendation, Allen was sentenced to life imprisonment without parole on Count I and death on Count II.

<u>Direct Appeal</u>

In a decision that predated the Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002), the Eighth Circuit affirmed both Allen and Holder's convictions and death sentences, expressly rejecting Allen's claim that the indictment—which failed to allege the capital eligibility facts of at least one aggravating factor—violated the Fifth Amendment. *United States*

*v. Allen*, 247 F.3d 741, 761-64 (8th Cir. 2001) (*Allen I*). Subsequently, *Ring* overruled precedent and held that statutory aggravator factors were the functional equivalent of elements in a capital case and, therefore, needed to be found unanimously and beyond a reasonable doubt by the petit jury. *Ring* also required such elements to be considered by the Grand Jury and alleged in the indictment. The Supreme Court granted Allen's *certiorari* petition, vacated the Eighth Circuit's decision, and remanded the case for reconsideration in light of *Ring*. *United States v. Allen*, 536 U.S. 953 (2002). On reconsideration, a divided panel of the Eighth Circuit held that the indictment error was not harmless and vacated Allen's death sentence. *United States v. Allen*, 357 F.3d 745, 758 (8th Cir. 2004) (*Allen II*). After an en banc rehearing, the Eighth Circuit affirmed the convictions and sentence, holding that the Fifth Amendment defect in Allen's indictment was non-structural and the error was harmless. *United States v. Allen*, 406 F.3d 940, 949 (8th Cir. 2005) (en banc) (*Allen III*). Thereafter, the Supreme Court denied Allen's petition for a writ of certiorari, *United States v. Allen*, 127 S. Ct. 826 (2006), and further denied his petition for rehearing, *United States v. Allen*, 127 S. Ct. 1361 (2007).

Section 2255 Claims

On January 8, 2007, Allen filed a Motion to Appoint Counsel to Pursue Post-Conviction Remedies in the Eastern District of Missouri. The District Court construed the motion as initiating Allen's post-conviction proceeding under 28 U.S.C. § 2255. On December 10, 2007, appointed counsel filed a motion under 28 U.S.C. § 2255, where he raised thirteen claims of constitutional violations by the trial court and ineffective assistance of trial counsel. *See Allen v. United States*, No. 4:07CV00027 ERW. On February 11, 2008, Allen filed an amended motion under 28 U.S.C. § 2255, where he raised eighteen claims of constitutional violations by the trial

court and ineffective assistance of trial counsel.

In a May 10, 2011 Memorandum and Order, United States District Judge E. Richard Webber, denied all but one of Allen's claims without a hearing. *Allen v. United States*, No. 4:07CV00027 ERW, 2011 WL 1770929 (E.D. Mo. 2011). The Court granted a hearing on the sole issue of whether Allen's trial counsel were ineffective in connection with the mitigation investigation and presentation of mitigation evidence at sentencing. *Id.* at *52.

The Court conducted an evidentiary hearing on this issue in phases over approximately six weeks during 2012. After the hearing and post-hearing briefing, on June 25, 2014, the Court denied Allen's claims of ineffective assistance of counsel. *Allen v. United States*, No. 4:07CV00027 ERW, 2014 WL 2882495, at *160-61 (E.D. Mo. 2014).

The Eighth Circuit Court of Appeals granted a certificate of appealability on one question, a ground that had been denied without hearing: whether trial counsel was ineffective for failing to object to the use of a so-called anonymous jury. After briefing and oral argument, the Eighth Circuit Court of Appeals affirmed the District Court's finding that there was not ineffective assistance of counsel for failure to object to the use of numbers to identify the jury. *Allen v. United States*, 829 F.3d 965, 967-68 (8th Cir. 2016), *rehearing and rehearing en banc denied* (2016); *cert. denied,* 138 S. Ct. 59 (2017).

On June 24, 2016, Allen filed an application with the Eighth Circuit Court of Appeals requesting permission to file a successive habeas petition claiming he was entitled to relief under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2552 (2015).[1] *Allen v.*

---

[1] On June 24, 2016, Allen filed a second motion for relief under 28 U.S.C. § 2255 with the District Court on the same grounds. *See Allen v. United States*, Case No. 4:16CV00963 ERW. On July 22, 2016, Judge Webber issued a memorandum and order of dismissal because Allen

*United States*, Case No. 16-2094. Allen argued that the intimidation element of § 2113(a) did not require intentional conduct and that therefore a § 2113(a) conviction could not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). *Allen v. United States*, Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h), Case No. 16-2094, pp. 9-10.

The Eighth Circuit denied Allen's application on July 26, 2016. *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016). The Court held that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)." *Id.*

Habeas Corpus Petitions

In 2013, Allen filed a habeas corpus petition in this Court claiming his indictment was defective because it failed to allege statutory aggravating factors. *Allen v. Warden*, Case No. 2:13-cv-00271-JMS-MJD. This Court appointed counsel to represent Allen. On November 8, 2013, Allen filed a motion to withdraw his habeas petition, which the Court granted.

In 2016, Allen filed another habeas corpus petition with the Court, this time claiming that his conviction for using and carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of 18 U.S.C. § 924(j), violated due process because bank robbery is not a crime of violence. On May 18, 2020, the Court denied his petition, finding that it did not meet the exception in § 2252(e) which permits a § 2241 petition only when § 2255's remedy is "inadequate or ineffective." 28 U.S.C. §2255(e). *Allen v. Daniels*, No. 2:16-cv-00257-JMS-MJD.

---

had not obtained permission from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h) to bring a successive § 2255 motion.

Allen appealed to the Seventh Circuit but later moved for voluntary dismissal of the appeal.   No. 20-3361, ECR No. 11-1 (7th Cir. May 12, 2021).   The appeal was dismissed.   No. 20-3361, ECR No. 12-1 (7th Cir. May 18, 2021).

In August 2020, Allen filed another § 2241 motion. Allen's pro se "Motion to Return to Refile a Corrected Motion, Pursuant to 28 U.S.C. § 2241" asserted that the indictment was defective for failing to charge the aggravators, his trial counsel was ineffective for failing to present certain evidence, and that there was newly discovered evidence.   The Government filed a response.   The motion is still pending.

<u>Allen's Present § 2241 Claim</u>

Allen's current § 2241 claim asserts that federal bank robbery in violation of 18 U.S.C. § 2113 (a) and (e) (Count One) is not a crime of violence because it does not require a mens rea greater than recklessness.   Consequently, he argues Allen's conviction for use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two) must be vacated, under *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality holds that an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)).   This argument was rejected by the Eighth Circuit Court of Appeals when the Court denied Allen's motion for authorization to file a second or successive § 2255 motion.   *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016).   Both the Seventh and Eighth Circuits held that bank robbery is a crime of violence, and even after *Borden*, Allen's conviction under § 924(c) is still valid.   Allen's claim should be denied.

<u>Legal Analysis</u>

I.       <u>Procedural Default</u>

Allen's claim is procedurally defaulted. Allen did not preserve his challenge to the classification of bank robbery as a reckless offense and therefore as an improper § 924(c) and (j) predicate. He failed to raise the issue on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) ("[A] collateral challenge may not do service for an appeal"). A court generally cannot entertain a procedurally defaulted claim on the merits unless the defendant can excuse his default by showing either 1) cause and actual prejudice, or 2) actual innocence. Defendant carries the burden of establishing these matters. *Murray v. Carrier*, 477 U.S. 478, 490-496 (1986). Allen cannot meet this burden; he fails to even address the matter in his petition.

### A. Cause and Prejudice

Allen may contend that his procedural default should be excused because it would have been futile for him to argue that reckless offenses cannot be violent felonies before the *Borden* decision. However, the Supreme Court held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623 (1998), citing *Engle v. Isaac*, 456 U.S. 107, 130, n.35 (1982).

Similarly, *Borden* was not so "novel" to constitute cause to excuse procedural default. In *White v. United States*, the Seventh Circuit Court of Appeals, citing *Reed v. Ross*, 468 U.S. 1, 117, listed three non-exhaustive examples of circumstances in which an attorney may lack a "reasonable basis" to have raised a novel claim:

> (1) when the Supreme Court explicitly overrules prior precedent; (2) when a decision overturns a "longstanding and widespread practice" not previously addressed by the Court "to which the Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; and (3) when a decision disapproves of a

previously-sanctioned practice.

8 F.4th 547, 555 (7th Cir. 2021).

None of these circumstances exist here.   Even before the Supreme Court held that a state DUI charge did not have the requisite mental state to constitute a crime of violence, in *Leocal v. Ashcroft*, 543 U.S. 1, (2004), there was litigation concerning the necessary mens rea for a crime of violence, *see, e.g.*, *United States v. Chapa*, 243 F.3d 921 (5th Cir. 2001), overruled by *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018).   Moreover, in holding that a reckless offense lacks a mens rea element sufficient to satisfy the definition of a "violent felony," the *Borden* plurality stated that "*Leocal* confirms our conclusion."   In other words, *Borden* did not overrule prior precedent.   As such, Allen cannot demonstrate cause for his procedural default.

Allen also cannot demonstrate prejudice, as fully discussed below, because federal bank robbery is a crime of violence and thus a predicate for his § 924(c) and (j) conviction.

B.   Actual Innocence

Allen cannot establish his actual innocence of violations of 18 U.S.C. § 924(c) and (j) (Count Two).   Federal bank robbery is not a reckless offense.   Post-*Borden,* it continues to qualify as a crime of violence under § 924(c) and (j).

II.   Savings Clause

Allen brings this habeas action pursuant to 28 U.S.C. § 2241; however, § 2241 provides no avenue for relief for the claims raised in his petition.   In the great majority of cases, 28 U.S.C. § 2255 is the exclusive postconviction remedy for a federal prisoner.   *Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020).   Pursuant to 28 U.S.C. § 2255(e), "An application for a writ of habeas corpus…shall not be entertained..unless it also appears that the remedy by

[§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e).   This provision is commonly referred to as the "savings clause."

Here, Allen is barred from relief because he has failed to show that his claims meet the requirements of the savings clause in 28 U.S.C. § 2255(e).[2]

The Seventh Circuit has defined the savings clause in three central cases:   *In re Davenport*, 147 F.3d 605 (7th Cir. 1998); *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001); and *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc).   Allen relies on *Davenport* and asks the court to conclude that his current § 2241 claim is within *Davenport*'s delineation of the savings clause.   Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2241, p. 2. [Document 1].   It is not, however, so his § 2241 petition should be dismissed.

In order to qualify for relief under *Davenport*, the Seventh Circuit Court of Appeals stated:

> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. "The third condition is that [the] sentence enhancement ... have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding."

*Light v. Caraway*, 761 F.3d 809, 812-813 (7th Cir. 2014) (quoting *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir.2013) (internal citations omitted).

---

[2] The Department of Justice has adopted a revised view of the availability of relief under § 2241, arguing that habeas relief is not available to a defendant, who having been denied § 2255 relief, seeks to assert a statutory challenge to his conviction or sentence.   *See McCarthan v. Collins*, No. 17-85, U.S. Brief, 2017 WL 5718660 at *9-11 (U.S. filed Oct. 20, 2017).   The Government notes that view but does not advance that argument here, given that Seventh Circuit Court of Appeals precedent squarely forecloses the *McCarthan* position. *But see*, *Jones v. Hendrix*, 8 F.4th 683, 688 (8th Cir. 2021), which followed the Government's position and would preclude relief under § 2241 here.

Allen only meets the first criteria: *Borden* is a statutory interpretation case. While the Government recognizes that *Borden* applies retroactively, Allen fails to satisfy the second requirement that he could not have invoked the decision in his first § 2255 motion. Allen further fails to meet the third criteria since there was no miscarriage of justice because his death sentence was not erroneous.

In *Light*, the court clarified that the second *Davenport* prong requires that "the prisoner 'show that his claim was "foreclosed by binding precedent" at the time of his direct appeal and § 2255 motion.'" *Id.* at 813. "Only if the position is foreclosed (as distinct from not being supported by—from being, in other words novel) by precedent is a § 2255 remedy inadequate." *Id.*, at 813, quoting *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir.2012) (internal citations omitted).

At the time of his direct appeal and § 2255 motion Allen was not foreclosed from arguing that recklessness was not a sufficient mens rea to establish a crime of violence. Allen filed his initial § 2255 motion in December 2007 and his amended motion in February 2008. In *United States v. Torres-Villalobos*, 487 F.3d 607, 616 (8th Cir. May 6, 2007), the Eighth Circuit Court of Appeals held that *Leocal* had superseded their prior decisions finding that involuntary manslaughter was a "crime of violence" under 18 U.S.C. § 16(a). The Court specifically held that the "use of force," as interpreted by *Leocal*, was not an element of second-degree manslaughter because the elements could be satisfied by mere reckless conduct. At the time that Allen filed his § 2255 motion, this area of the law was in flux, and there was no binding Eighth Circuit precedent foreclosing Allen's argument that the elements of federal bank robbery could be satisfied by reckless conduct, that reckless conduct could not be a basis for a crime of

violence, and thus there was no predicate crime of violence offense to support the 18 U.S.C. § 924(j) (Count II) conviction.

Indeed, Allen now argues that a 2003 Eighth Circuit appellate opinion establishes that the "intimidation" element of bank robbery can be satisfied by reckless conduct. Allen cites *United States v. Yockel*, 320 F.3d 818, 824-825 (8th Cir. 2003), as supporting the proposition that a reckless mens rea is sufficient: "the intimidation element of section 2113(a) is satisfied if 'an ordinary person in [the teller's] position reasonably could infer a threat of bodily harm from the [defendant's] acts,' *whether or not* [defendant] actually intended the intimidation..." *Id.* at 824 (emphasis in original). While the Government strongly disagrees that this implies a reckless mens rea for bank robbery, Allen's *argument* that it does was fully available to him at the time he filed his § 2255 motion in 2007. He therefore fails to meet the second *Davenport* requirement that "the prisoner 'show that his claim was "foreclosed by binding precedent" at the time of his direct appeal and § 2255 motion.'" *Light*, 761 F.3d at 813.

Allen's § 2241 claim is not within *Davenport*'s delineation of the savings clause. He is foreclosed from bringing his claim in a § 2241 motion because he could have brought it in his initial §2255 motion. Allen's § 2241 petition must be dismissed pursuant to 28 U.S.C. § 2255(e) because he fails to satisfy the requirements of the savings clause.

III. <u>Choice of Law</u>

This case presents a choice of law issue. See *Chazen v. Marske*, 938 F.3d 851, 860 (7th Cir. 2019) (noting that it is unclear "whether, in evaluating the merits of [a habeas] petition, we should apply our own precedent or the precedent of the circuit of conviction"). Allen was convicted in the Eastern District of Missouri, which falls within the jurisdiction of the Eighth

11

Circuit; he filed his § 2241 petition while incarcerated in the Southern District of Indiana, which is in the Seventh Circuit. The proper starting point is the law of the circuit of conviction.

A *Davenport* petition most closely resembles a second or successive motion under Section 2255(h)(2), which must be brought in the circuit of conviction. This "suggests that Congress intended collateral review of a conviction or sentence to be made under the same legal standards used by the trial court in the first instance." *Salazar v. Sherrod*, No. 09CV-619-DRH-DGW, 2012 WL 3779075, at *5 (S.D. Ill. Aug. 31, 2012); *Chazen*, 938 F.3d at 865, (Barrett, J., concurring).

In *Davenport*, the Court reasoned that "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Davenport*, 147 F.3d at 612. But it added three "qualifications," one of which is that the "change in law" cannot be "a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 612 (internal citation omitted).

*Davenport* explained that "[w]hen there is a circuit split, there is no presumption that the law of the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit." *Id.* Therefore, Allen must demonstrate that he would be entitled to relief in both circuits in order to establish a miscarriage of justice.

IV.    Federal Bank Robbery Is a Crime Of Violence

In Count One, Allen was convicted of federal bank robbery under 18 U.S.C. § 2113(a)

and (e).   Federal bank robbery, as delineated in 18 U.S.C. § 2113(a), is a crime of violence and therefore is a predicate crime for a violation of 18 U.S.C. § 924(j).   In this very case, the Eighth Circuit Court of Appeals held that bank robbery in violation of § 2113(a) and (e) is a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).   *Allen v. United States*, 836 F.3d 894, 894-895 (8th Cir. 2016); *see also United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017) (bank robbery by intimidation under § 2113(a) is a crime of violence under the force clause because it involves a threatened use of force); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (bank robbery categorically qualifies as a crime of violence under the force clause of § 924(c)(3)(A)).

The Seventh Circuit Court of Appeals also held that robbery by intimidation under § 2113(a) has an element of use, attempted use or threatened use of physical force against the person of another and thus qualifies as a crime of violence under § 924(c)'s force clause. *United States v. Armour*, 840 F.3d 904, 908-909 (7th Cir. 2016);   *United States v. Williams*, 864 F.3d 826, 830 (7th Cir. 2017) (bank robbery by intimidation is a crime of violence as defined by the elements clause of § 924(c)(3)(A)).

*Borden* did not change this conclusion.   In *Borden*, a plurality of the Court held that an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under 18 U.S.C. §924(e)(2)(B)(i).   While the Government recognizes that the logic of *Borden* extends to the "crime of violence" definition in § 924(c)(3), federal bank robbery requires a knowing—not reckless—mens rea.   Thus, it remains a valid predicate offense under the force clause of § 924(c)(3)(A) even after *Borden*.

Section 924(c)(3)(A) states that a crime of violence means an offense that is a felony and

"has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In order to determine if an offense qualifies as a violent felony under that clause, courts use the categorical approach. *Borden*, 141 S. Ct. at 1822. The focus is on whether the elements of the underlying statute of conviction meet the § 924(c)(3)(A)'s requirements.

In Count One, Allen was convicted of a violation of 18 U.S.C. §§ 2113(a) and (e). Section 2113 is divisible. *United States v. Butler*, 949 F.3d 230 (5th Cir.), cert. denied, 141 S. Ct. 380 (2020). The federal bank robbery statute provides in relevant part:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another…any property or money or any other thing or value belonging to, or in the care, custody, control, management, or possession of, any bank…shall be fined under this title or imprisoned not more than twenty years, or both.

In *Borden,* the Court stated that if any—even the least culpable—of the acts criminalized does not meet the definition of a crime of violence, the statute cannot serve as a predicate. *Borden*, 141 S. Ct. at 1822. Specifically, if any of the acts criminalized merely carries a mens rea of recklessness, the statute does not qualify as a valid predicate offense under the force clause. *Id.*, at 1834.

Federal bank robbery, 18 U.S.C. § 2113(a), is a general intent crime. *Carter v. United States*, 530 U.S. 255, 268, (2000). The Supreme Court stated "we read subsection (a) as requiring proof of *general intent*—that is, that the defendant possessed knowledge with respect to the *actus reus* of the crime (here, the taking of property of another by force and violence or intimidation)." *Id.*

Allen does not address—and he must concede—that the "by force and violence" clause

requires intentional conduct.   Allen contends that a bank robbery committed by "intimidation" could be committed recklessly.   However, in *United States v. Estell*, 924 F.3d 1291, 1293 (8th Cir. 2019), the Eighth Circuit rejected this argument.   In *Estell*, the defendant argued that the intimidation element in the bank robbery statute might be met through a defendant's reckless or negligent conduct.   The Court held that his arguments were foreclosed by the reasoning in *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017).   Specifically, Harper argued that because "intimidation" in § 2113(a) does not require proof that the robber intentionally intimidated a victim, robbery by intimidation does not have an element the threatened use of force. In effect, Harper—like Allen—argued that "threatened use of force" required a specific intent to issue a threat.   *Id*. at 626.   As the Court summarized:

> [In *Harper*], we explained that even though bank robbery by intimidation does not
> require a specific intent to intimidate it still constitutes a threat of physical force
> because " 'threat,' as commonly defined, 'speak[s] to what the statement
> conveys—not to the mental state of the author.' " Thus, if the government
> establishes that a defendant committed bank robbery by intimidation, it follows
> that the defendant threatened a use of force causing bodily harm. And "[a] threat
> of bodily harm requires a threat to use violent force because 'it is impossible to
> cause bodily injury without using force capable of producing that result.'"

924 F.3d at 1293 (internal citations omitted). Bank robbery is a general intent crime and thus requires a mens rea greater than recklessness.

The Seventh Circuit Court of Appeals reached the same conclusion.   In *United States v. Williams*, 864 F.3d 826, 829 (7th Cir. 2017), the defendant argued that since a crime of violence must contain as an element the intentional use of force, unless there is a requirement to prove intent to intimidate, federal bank robbery cannot be a crime of violence.   The Court declined to adopt this assertion.   The Court noted that "[i]t is true that bank robbery is a general intent crime, meaning that the robber's actions giving rise to the intimidation must have been

intentional." *Id.* The Court further stated, "It is also true that federal bank robbery "by intimidation" does not require the government to prove intent to intimidate. Still, the government must prove that the defendant acted intentionally in a way that would cause a reasonable person to be intimidated, i.e., to fear that resistance or defiance may be met with force." *Id.* The Court stated "Simply put, theft of money from a bank by means of intimidation is not negligent or accidental behavior." *Id.*

The Court summarized its finding:

> Bank robbery is caused by intentional acts, not by negligence or accidental conduct. With bank robbery, the intimidation—the threat of violent force—is one means by which the wrongful act of theft can be completed. The explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3). Bank robbery by intimidation is a crime of violence as defined by the elements clause of § 924(c)(3)(A).

*Id.* at 830 (internal citation omitted). Bank robbery by intimidation is based on a defendant's intentional actions.

The "least culpable" act in federal bank robbery—intimidation—meets the definition of a crime of violence. Federal bank robbery is a crime of violence and therefore is a valid predicate offense under the force clause.

V.    Killing a Person While Committing a Federal Bank Robbery is a Crime of Violence

In Count One, Allen was convicted of a violation of 18 U.S.C. § 2113(a) and (e). As discussed above, a violation of § 2113(a) is a crime of violence and therefore a valid predicate offense for the Count Two conviction of 18 U.S.C. § 924(j). Allen argues, however, that the fact that he was also convicted of § 2113(e)—killing the bank guard in the commission of the bank robbery—means that Count One is no longer a crime of violence because the killing of the

guard could have been committed with a reckless *mens rea*.   This result would be nonsensical.

A violation of § 2113(a) alone carries a twenty-year maximum term of imprisonment. Other portions of § 2113 impose enhanced penalties if additional elements are met.   For example, §2113(d) imposes a distinct enhanced penalty in circumstances where a defendant while committing the offense "assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device."

Allen was convicted of violating § 2113(e), which carries an enhanced maximum penalty of life imprisonment or death and a minimum sentence of ten years.   Section 2113(e) states:

> (e) Whoever, in committing any offense defined in this section, *or* in avoiding or attempting to avoid apprehension for the commission of such offense, *or* in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person…shall be punished by death or life imprisonment.

(Emphasis added).

As noted above, Allen was convicted of the offense described in § 2113(a): taking from a person "by force and violence, or by intimidation" property in the custody of a bank.   In order for the jury to convict Allen of a violation of §2113(e), they had to find the additional element that he killed a person.   *United States v. Runyon*, 994 F.3d 192, 202-203 (4th Cir. 2021) (under modified categorical approach, resulting death is an element in the statute of conviction).

The multiple alternative elements of § 2113(e) describe three distinct crimes in which a defendant kills someone while also committing a violation of § 2113(a):

1)   taking from a person by force and violence, or by intimidation property in the custody of a bank and in committing the offense kills a person;

2)   taking from a person by force and violence, or by intimidation property in the custody of a bank and in avoiding or attempting to avoid apprehension for the commission of the offense kills a person;

3) taking from a person by force and violence, or by intimidation property in the custody of a bank and in attempting to free himself from arrest or confinement for such offense kills a person.

The modified categorial approach is used to determine "which element played a part in the defendant's conviction." *Descamps v. United States*, 570 U.S. 254 (2013). Under this approach, the court may look to the terms of the relevant charging document, jury instructions, plea agreement, plea colloquy, etc. See *Mathis v. United States*, —— U.S. ——, 136 S. Ct. 2243, 2249 (2016); *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Count One of the indictment charged that Allen by force and violence, and intimidation did take from a person or presence of another, U.S. currency in the custody of Lindell Bank & Trust and in committing such offense did kill Richard Heflin. Exhibit 1, Indictment. The jury was instructed, as to Count One, that there were four essential elements:

> *One,* the defendant took money from the person and presence of another while that money was in the care or custody of the Lindell Bank & Trust Company;
> *Two*, such taking was by force and violence or intimidation;
> *Three*, the deposits of the Lindell Bank & Trust Company were then insured by the Federal Deposit Insurance Corporation; and
> *Four*, in committing this offense, the defendant, or a person aided and abetted by the defendant, killed Richard Heflin.

Exhibit 2, Instruction No. 17.

Thus, Allen was charged and convicted of the crime of killing Richard Heflin while *committing* a federal bank robbery. The conviction for an ordinary bank robbery required an intentional *mens rea*. It obviously involved force given that death resulted. It is therefore a crime of violence.

In *United States v. Runyon*, 994 F.3d 192, 202 (4th Cir. 2021), the Court engaged in a

similar analysis in determining that the offense of conspiracy to use facilities of commerce with the intent that a murder be committed for hire where death results was a crime of violence. The Court found that both the indictment and jury instructions required the requisite mens rea to constitute use of force and there was no "realistic probability" that the death was accidental or negligent. *Id.* at 203. Here, there is no realistic probability of the government prosecuting a defendant for by force and violence, and intimidation taking from a person or presence of another, property in the custody of a bank and *in committing such offense* killing a person while that death was somehow only recklessly or negligently caused. *Allen v. United States*, 836 F.3d 894, 896 (8th Cir. 2016) (expressing doubts how the combined offense of §§ 2113(a) and (e) might be committed in a manner not involving actual violence or not involving knowing or intentional intimidation) (Melloy, J., dissenting).

Allen argues that the killing could have been done recklessly and cites the vacated opinion in an earlier appeal as "the law of the case." *United States v. Allen and Holder*, 247 F.3d 741, 782-783 (8th Cir. 2001), *vacated by Allen v. United States,* 536 U.S. 953 (2002). The language addressing the issue of *mens rea* arose in a discussion of co-defendant Holder's jury instructions in a case which was vacated by the Supreme Court. A subsequent panel decision—later vacated by an en banc decision—did not discuss the issue, *United States v. Allen*, 357 F.3d 745 (8th Cir. 2004), *vacated by Allen v. United States*, 406 F.3d 940 (8th Cir. 2005), and neither did the en banc decision. A vacated opinion has no further force and effect. *United States v. Maxwell*, 590 F.3d 585, 589 (8th Cir. 2010); *Creigton v. Anderson*, 922 F.2d 443, 449 (8th Cir. 1990) (a vacated opinion is deprived of its standing, so that the law of the case doctrine is inapplicable); *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002)

(both prior opinions were vacated, are officially gone, have no legal effect whatever, are void and none of the statements made in either of them has any remaining force).

Allen cites cases in which a victim died when struck in a traffic accident when a robber was fleeing and where a victim died from a heart attack after a home invasion from a fleeing robber. But those cases are under different subsections of § 2113(e) that do not require intentional killing. Here, based on the modified categorical approach, the case documents show that Allen was charged and convicted of the crime of killing Richard Heflin while committing a federal bank robbery—a crime based on intentional *mens rea.*

Moreover, as noted above, Allen was convicted of a violation of § 2113(a)—federal bank robbery which is a crime of violence—and § 2113(e)—killing Mr. Heflin while committing said robbery. Even if the Court finds that the additional elements in § 2113(e) would not independently constitute a crime of violence, § 2113(a) is a crime of violence and serves as a predicate for Allen's conviction in Count Two of 18 U.S.C. § 924(j).

VI.  Allen was Convicted of Capital Bank Robbery

In the penalty phase, using a special verdict form, the jury found that "the government has established beyond a reasonable doubt that Billie Jerome Allen intentionally inflicted serious bodily injury which resulted in the death of Richard Heflin." Exhibit 3, Special Verdict Form, Count I, p. 2. In other words, the jury found the additional element that Allen intentionally killed the victim. *United States v. Allen*, 406 F.3d 940,943 (8th Cir. 2005 ("The petit jury also found the requisite mental state in sentencing Allen to death that he 'intentionally inflicted serious bodily injury which resulted in the death of Richard Heflin.'") Thus, the jury found Allen guilty of capital bank robbery.

Capital bank robbery is a crime of violence because it requires proof of at least one of the gateway factors in 18 U.S.C. §3591(a)(2) in order to increase the maximum punishment to death. The specific aggravating circumstance is an element of the offense.   See *Ring*, 536 U.S. at 609 (holding that "aggravating circumstance[s] necessary for imposition of the death penalty" are elements of the capital offense that must be found by a jury); see also *Mathis v. United States*, 136 S. Ct. 2243, 2256 2016) ("If statutory alternatives carry different punishments, then under *Apprendi [v. New Jersey*, 530 U.S. 466 (2000)] they must be elements."); *Burrage v. United States*, 571 U.S. 204, 210 (2014) (a fact that "increase[s] the minimum and maximum sentences to which [a defendant is] exposed . . . is an element that must be submitted to the jury and found beyond a reasonable doubt").

   Each of the §3591(a)(2) gateway factors involves the intentional use of physical force against another.   The statute requires the Government to show that the defendant:

> (A) intentionally killed the victim,
> (B) intentionally inflicted serious bodily injury that resulted in the death of the victim,
> (C) intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act, or
> (D) intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act.

18 U.S.C. §3591(a)(2)(A)-(D).

   The first two aggravating factors require the defendant to intentionally kill or inflict serious bodily injury resulting in death.   The last two aggravating factors require the defendant to intentionally participate in an act that directly causes the death of the victim.   *United States v. Winston*, 845 F.3d 876, 878 (8th Cir. 2017) (it is impossible to cause bodily injury without using

force capable of producing that result).   All four aggravating factors necessitate the use of force. "Any one of these provisions satisfies the elements clause of 18 U.S.C. § 924(c)."   *In re Hall*, 979 F.3d 339, 345 (5th Cir. 2020).

"Any offense that incorporates the elements of 18 U.S.C. §3591(a)(2) is a crime of violence."   *Id.*   All federal capital charges must incorporate the required elements of §3591(a)(2), and therefore necessarily satisfy the elements clause of § 924(c).   *Id.*[3]

Allen's conviction incorporated a required element of 18 U.S.C. §3591(a)(2) for the crime of capital bank robbery.   All those elements require the use of force.   Capital bank robbery is therefore a valid predicate offense under the force clause.

VII.   Conclusion

Because Allen's claims fail on procedural and substantive grounds, his petition for a writ of habeas corpus must be dismissed with prejudice or otherwise denied.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*s/ Carrie Costantin*
Carrie Costantin, #35925MO
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (314) 539-6885

---

[3] In Count Two, Allen was separately charged and convicted of murder with a 924(j) enhancement: "committed murder as defined in 18 U.S.C. §1111, that is, the unlawful killing of Richard Heflin with malice of forethought, such murder being willful, deliberate, malicious, premeditated, and committed in the perpetration of a robbery."   Exhibit 1, Indictment. "924(j) is a discrete crime from 924(c)." *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1058-59 (10th Cir. 2018) (collecting cases).   This finding underscores the absurdity of the argument that Allen did not commit a crime of violence.

Fax: (314) 539-2209
E-mail: carrie.costantin@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on January 25, 2022, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.


                            *s/ Carrie Costantin*
                            Carrie Costantin   #35925MO
                            Assistant United States Attorney