UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE J. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00396-JPH-MKK |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Carrie Costantin, Special Assistant United States Attorney for said district, and files its Notice of Supplemental Authority.

This case is fully briefed and awaiting this Court's decision.   The Government submits this notice of supplemental authority to bring the Court's attention to a recent Supreme Court decision that directly impacts the resolution of the case.   On June 22, 2023, the Supreme Court issued its opinion in *Jones v. Hendrix*, 599 U.S. __, 143 S.Ct. 1857 (2023).   The Court held that a habeas corpus motion under 28 U.S.C. § 2241 cannot be used to pursue a claim based on a more favorable interpretation of statutory law adopted after a defendant's conviction became final and his initial 28 U.S.C. §2255 was resolved.

The Court stated:

> Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241. To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 "unless ... the [§ 2255] remedy by motion is inadequate or ineffective to test the

1

> legality of his detention."
>
> Separately, since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.
>
> The question presented is whether that limitation on second or successive motions makes § 2255 "inadequate or ineffective" such that the prisoner may proceed with his statutory claim under § 2241. We hold that it does not.

*Jones*, 143 S.Ct. at 1863; *id.* at 1868 ("[T]he saving clause does not authorize such an end-run around AEDPA.").

Allen's Prior §2255 Motion

Allen previously filed a motion pursuant to 28 U.S.C. § 2255.   After briefing and an evidentiary hearing, on June 25, 2014, the Court denied Allen's claims of ineffective assistance of counsel.   *Allen v. United States*, No. 4:07CV00027 ERW, 2014 WL 2882495, at \*160-61 (E.D. Mo. 2014).   The Eighth Circuit Court of Appeals granted a certificate of appealability on one question.   After briefing and oral argument, the Eighth Circuit Court of Appeals affirmed the District Court's finding that there was not ineffective assistance of counsel for failure to object to the use of numbers to identify the jury.   *Allen v. United States*, 829 F.3d 965, 967-68 (8th Cir. 2016), *rehearing and rehearing en banc denied* (2016); *cert. denied*, 138 S. Ct. 59 (2017). Thus, Allen's initial §2255 motion has been resolved.

Allen's Present § 2241 Claim

Allen's current § 2241 claim asserts that federal bank robbery is not a crime of violence under *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality holds that an offense that may be committed recklessly lacks a *mens rea* element sufficient to satisfy the definition of a "violent

2

felony" under 18 U.S.C. § 924(e)(2)(B)(i)).    Allen's current claim asserts a more favorable

interpretation of statutory law since his conviction became final.    The *Jones* Court prohibited

such claims, expressly overruling the Seventh Circuit's contrary decision in *In re Davenport*, 147

F.3d 605 (7th Cir.1998), which Allen relies upon to assert his statutory claim.    *Jones*, 143 S. Ct.

at 1868. Therefore, under this intervening precedent, the Court must dismiss the petition for lack

of subject matter jurisdiction. *See id.* at 1964.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*s/ Carrie Costantin*
Carrie Costantin, #35925MO
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (314) 539-6885
Fax: (314) 539-2209
E-mail: carrie.costantin@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ Carrie Costantin*
Carrie Costantin   #35925MO
Special Assistant United States Attorney

3