UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| BILLIE J. ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00396-JPH-MKK |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## GOVERNMENT'S MOTION TO DISMISS

COMES NOW the United States of America, by and through the United States Attorney for the Southern District of Indiana, Zachary A. Myers, and Carrie Costantin, Special Assistant United States Attorney for said district, and files its Motion to Dismiss.

Procedural History

On October 20, 2021, Petitioner Billie J. Allen filed a petition for a writ of habeas corpus under 28 U.S.C. §2241 challenging his conviction for use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) and (j) (Count Two) because he claimed that the underlying federal bank robbery in violation of 18 U.S.C. § 2113 (a) and (e) (Count One) is not a crime of violence under *Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality holds that an offense that may be committed recklessly lacks a mens rea element sufficient to satisfy the definition of a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)). The Government filed a response in opposition.

Section 2255 Claims

In 2007, Allen filed a motion under 28 U.S.C. § 2255, where he raised claims of

1

constitutional violations by the trial court and ineffective assistance of trial counsel.   See *Allen v. United States*, No. 4:07CV00027 ERW.   On February 11, 2008, Allen filed an amended motion under § 2255, where he raised additional claims of constitutional violations by the trial court and ineffective assistance of trial counsel.   On May 10, 2011, United States District Judge E. Richard Webber, denied all but one of Allen's claims without a hearing. *Allen v. United States*, No. 4:07CV00027 ERW, 2011 WL 1770929 (E.D. Mo. 2011).   After an evidentiary hearing on the remaining claim, on June 25, 2014, the Court denied Allen's remaining claim of ineffective assistance of counsel.   *Allen v. United States*, No. 4:07CV00027 ERW, 2014 WL 2882495, at *160-61 (E.D. Mo. 2014).

The Eighth Circuit Court of Appeals granted a certificate of appealability on the issue of whether trial counsel was ineffective for failing to object to the use of a so-called anonymous jury. The Eighth Circuit Court of Appeals affirmed the District Court's finding that there was not ineffective assistance of counsel for failure to object to the use of numbers to identify the jury. *Allen v. United States*, 829 F.3d 965, 967-68 (8th Cir. 2016), *rehearing and rehearing en banc denied* (2016); *cert. denied,* 138 S. Ct. 59 (2017).   Thus, Allen's initial § 2255 motion has been resolved.

On June 24, 2016, Allen filed an application with the Eighth Circuit Court of Appeals requesting permission to file a successive habeas petition claiming he was entitled to relief under the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2552 (2015).[1] *Allen v. United*

---

[1] On June 24, 2016, Allen filed a second motion for relief under 28 U.S.C. § 2255 with the District Court on the same grounds. *See Allen v. United States*, Case No. 4:16CV00963 ERW. On July 22, 2016, Judge Webber issued a memorandum and order of dismissal because Allen had not obtained permission from the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h) to bring a successive § 2255 motion.

*States*, Case No. 16-2094.   Allen argued that the intimidation element of § 2113(a) did not require intentional conduct and that therefore a § 2113(a) conviction could not qualify as a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A).   *Allen v. United States*, Application to File Second or Successive Petition Pursuant to 28 U.S.C. § 2255(h), Case No. 16-2094, pp. 9-10.   The Eighth Circuit denied Allen's application on July 26, 2016. *Allen v. United States*, 836 F.3d 894 (8th Cir. 2016). The Court held that "bank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)."   *Id.*

Prior Habeas Corpus Petitions

In 2013, Allen filed a habeas corpus petition in the Southern District of Indiana District Court claiming his indictment was defective because it failed to allege statutory aggravating factors. *Allen v. Warden*, Case No. 2:13-cv-00271-JMS-MJD.   On November 8, 2013, Allen filed a motion to withdraw his habeas petition, which the Court granted.

In 2016, Allen filed another habeas corpus petition with the Court, this time claiming that his conviction for using and carrying a firearm during the commission of a crime of violence that resulted in the death of another person under circumstances constituting first-degree murder, in violation of 18 U.S.C. § 924(j), violated due process because bank robbery is not a crime of violence.   On May 18, 2020, the Court denied his petition, finding that it did not meet the exception in § 2255(e) which permits a § 2241 petition only when § 2255's remedy is "inadequate or ineffective." 28 U.S.C. §2255(e). *Allen v. Daniels*, No. 2:16-cv-00257-JMS-MJD.

Allen appealed to the Seventh Circuit but later moved for voluntary dismissal of the appeal. No. 20-3361, ECR No. 11-1 (7th Cir. May 12, 2021).   The appeal was dismissed.   No. 20-3361, ECR No. 12-1 (7th Cir. May 18, 2021).

In August 2020, Allen filed another § 2241 motion. Allen's pro se "Motion to Return to Refile a Corrected Motion, Pursuant to 28 U.S.C. § 2241" asserted that the indictment was defective for failing to charge the aggravators, his trial counsel was ineffective for failing to present certain evidence, and that there was newly discovered evidence.   The Government filed a response.   The motion is still pending.

Legal Analysis

A motion pursuant to 28 U.S.C. § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A defendant is normally limited to only one challenge of his conviction and sentence under Section 2255. He may only file a "second or successive" Section 2255 motion if the court of appeals certifies that such motion asserts the existence of either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or, (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Allen's claim meets neither requirement: his claim asserts an intervening change in *statutory* interpretation should provide relief to him.

As noted above, Allen has not been granted a certificate of appealability on his claim that federal bank robbery is not a crime of violence.   He filed the current petition under §2241, arguing that he was eligible to do so under the "saving clause" set out in 28 U.S.C. §2255(e). Under the saving clause, "an application for a writ of habeas corpus in behalf of a prisoner" who previously filed a §2255 "shall not be entertained … unless it … appears that the remedy is inadequate or ineffective to test the legality of his detention" 28 U.S.C. §2255(e).   The Seventh Circuit had

previously interpreted §2255(e) to allow a prisoner to seek habeas relief under §2241 for such a change in statutory interpretation (if other conditions were also met). *In re Davenport*, 147 F.3d 605 (7th Cir. 1998).

On June 22, 2023, the Supreme Court issued its opinion in *Jones v. Hendrix*, 599 U.S. __, 143 S.Ct. 1857 (2023). The Court held that a habeas corpus motion under 28 U.S.C. § 2241 cannot be used to pursue a claim based on a more favorable interpretation of statutory law adopted after a defendant's conviction became final and his initial 28 U.S.C. §2255 was resolved.

The Court stated:

> Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241. To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 "unless ... the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention."

> Separately, since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). A federal prisoner may not, therefore, file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved.

> The question presented is whether that limitation on second or successive motions makes § 2255 "inadequate or ineffective" such that the prisoner may proceed with his statutory claim under § 2241. We hold that it does not.

*Jones*, 143 S.Ct. at 1863; *Id.* at 1868 ("[T]he saving clause does not authorize such an end-run around AEDPA.").

The *Jones* Court prohibited such claims, expressly overruling the Seventh Circuit's contrary decision in *In re Davenport*, 147 F.3d 605, which Allen relies upon to assert his statutory claim. *Jones*, 143 S. Ct. at 1868.

Since *Jones*, the Seventh Circuit held that "Because *Borden* is a statutory interpretation

5

decision, § 2255(h) does not permit [a defendant] to file a successive § 2255 motion, and *Jones* forecloses the possibility of filing a § 2241 habeas petition via § 2255(e)." *Hogsett v. Lillard,* 72 F.4th   819, 821 (7th Cir. 2023)(vacating district court's judgment and remanding with instructions to dismiss for lack of subject-matter jurisdiction).   *See also, Sanders v. Joseph,* 72 F.4th 822 (7th Cir. 2023)(denying defendant's statutory claim in a § 2241 habeas petition pursuant to *Jones*); *Horton v. Lovett,* 72 F.4th 825 (7th Cir. 2023) (denying defendant's statutory claim in a § 2241 habeas petition pursuant to *Jones*).

Therefore, under this intervening precedent, the Court must dismiss the petition for lack of subject matter jurisdiction. *See Jones,* 143 S. Ct. at 1964.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

*s/ Carrie Costantin*
Carrie Costantin, #35925MO
Special Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (314) 539-6885
Fax: (314) 539-2209
E-mail: carrie.costantin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2023, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*s/ Carrie Costantin*
Carrie Costantin   #35925MO
Special Assistant United States Attorney