UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BILLIE JEROME ALLEN,                    )
                                        )
                    Petitioner,         )
                                        )
            v.                          )     No. 2:21-cv-00396-JPH-MKK
                                        )
STEVEN KALLIS,[1]                       )
                                        )
                    Respondent.         )

**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Billie Jerome Allen and an accomplice robbed a bank in St. Louis, and during the robbery killed security guard Richard Heflin. Allen was convicted in 1998 in the Eastern District of Missouri of killing a person during the course of a bank robbery, in violation of 18 U.S.C. § 2113(a) and (e), and of murdering a person with a firearm used during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) and (j)(1). He was sentenced to death on the § 924 charge. After a direct appeal and multiple collateral attacks, Mr. Allen brought this 28 U.S.C. § 2241 petition challenging his § 924 conviction and death sentence. After the petition was fully briefed, the Supreme Court issued its opinion in *Jones v. Hendrix*, which makes clear that this Court has no jurisdiction to adjudicate the petition. The United States filed a motion to dismiss, and Mr. Allen did not respond. For the reasons below, the motion to dismiss is **GRANTED**, and this action is **DISMISSED for lack of jurisdiction**.

---

[1] Steven Kallis is now Warden of the United States Penitentiary in Terre Haute, where Mr. Allen is incarcerated. The **clerk is directed** to substitute Steven Kallis for T.J. Watson as the respondent in this action.

1

## I.    Background

After his conviction, Mr. Allen filed a direct appeal in the Eighth Circuit. *United States v. Allen*, 406 F.3d 940 (8th Cir. 2005) (en banc). Ultimately, the Eighth Circuit, sitting en banc, affirmed Mr. Allen's convictions and sentences in a unanimous opinion. *Id.* at 949. Mr. Allen then filed a 28 U.S.C. § 2255 motion, which the district court denied. *Allen v. United States*, 829 F.3d 965, 966 (8th Cir. 2016). The Eighth Circuit affirmed, and certiorari was denied. *Id.* at 968; *cert. denied*, 138 S. Ct. 59 (2017).

Mr. Allen has since pursued more collateral attacks on his convictions and death sentence. *See Allen v. United States*, 836 F.3d 894 (8th Cir. 2016) (denying leave to file successive § 2255 motion); *Allen v. Warden*, No. 2:13-cv-271-JMS-MJD (S.D. Ind. Nov. 19, 2013)) (§ 2241 petition voluntarily dismissed); *Allen v. Daniels*, No. 2:16-cv-257-JMS-MJD (S.D. Ind. May 18, 2020) (denying § 2241 petition).

Mr. Allen initiated this case in 2021 by filing a § 2241 petition with the assistance of counsel. Dkt. 1. In the petition, Mr. Allen challenges his § 924 conviction based on intervening Supreme Court precedent interpreting the phrase "violent felony" in § 924(e), which is defined nearly identically to the phrase "crime of violence" as used in § 924(c). *Id.* at 10–15 (relying on the Supreme Court's reading of "violent felony" in *Borden v. United States*, 593 U.S. 420 (2021)).

The United States responded, arguing among other things that Mr. Allen could not litigate his claim in a § 2241 petition because he failed to satisfy

2

§ 2255(e)'s saving clause. Dkt. 9 at 8–11. In both his petition and reply, Mr. Allen relied exclusively on the saving clause theory outlined in *In re Davenport*, 147 F.3d 605 (7th Cir. 1999). Dkt. 1 at 16–19; dkt. 11 at 5–7.

In June 2023, after Mr. Allen's petition was fully briefed, the Supreme Court issued its decision in *Jones v. Hendrix*, 599 U.S. 465 (2023). In August 2023, the United States filed a motion to dismiss the petition for lack of jurisdiction. Mr. Allen did not respond.

## II.   Discussion

The primary vehicle for a collateral attack on a federal conviction or sentence is a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *Shepherd v. Krueger*, 911 F.3d 861, 862 (7th Cir. 2018). A petitioner may seek relief by filing a § 2241 habeas corpus petition only if "the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Before *Jones*, the Seventh Circuit and others had applied § 2255(e) to allow an individual to attack his conviction or sentence in a § 2241 if this vehicle was the only "reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Davenport*, 147 F.3d at 609; *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("[T]here must be some kind of structural problem with section 2255 before section 2241 becomes available."). But the Supreme Court in *Jones* expressly abrogated *Davenport*, holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory

3

interpretation to circumvent [28 U.S.C. § 2255(h)'s] restrictions on second or successive § 2255 motions by filing a § 2241 petition." 599 U.S. at 471.

Mr. Allen seeks to challenge his conviction based on an intervening change in statutory interpretation. Dkt. 1 at 10–15 (arguing that his offense does not qualify as a crime of violence under § 924(c) in light of the Supreme Court's decision in *Borden*). After *Jones*, it is clear that this Court has no jurisdiction to adjudicate such a challenge in a § 2241 petition.

Accordingly, the motion to dismiss, dkt. [17], is **GRANTED**.

Mr. Allen's pro se motion for an ex parte telephonic hearing with counsel, dkt. [18], is **DENIED**.

### III.    Conclusion

The **clerk is directed** to substitute Steven Kallis for T.J. Watson as the respondent in this action.

The government's motion to dismiss, dkt. [17], is **GRANTED**. Mr. Allen's motion for ex parte hearing, dkt. [18], is **DENIED**.

This action is **DISMISSED for lack of jurisdiction**. Final judgment shall now enter.

**SO ORDERED.**

Date: 1/29/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

4